RESPONSE TO THE PETITION FOR A Re-HEARING.
(By Chief Justice Robertson.)

Decembers.

It is evident from the context of the opinion reversing the order for the sale of the land, that this Court, in suggesting that the Circuit Judge 11 had no jurisdiction,” meant only that the record did not exhibit all the facts necessary to give him jurisdiction. The reasons given in the opinion might be sufficient to show that this was what was intended by the Court; but, moreover, the same deduction was fortified by the fact that, though we had been urged in argument to decide that the sale was void, we intimated no opinion on that subject. Why? Certainly, not merely because Singleton was not a party, but chiefly because, in our opinion, though the record did not show that the Circuit Judge had jurisdiction, it did not prove that he had not jurisdiction. If we had considered such a record in such a case conclusive as to the question of jurisdiction, surely it would not have been improper to have so decided, even though Singleton was not a party; for a fact concluded by the record could not have been affected by his being a party, or not being a party.
The cases cited in the petition, so far as we have been able to examine them, recognize one of the plain *494 est and most familiar axioms of the law; that is, that a judgment or decree of a Court having no authority to adjudicate on the subject matter, is utterly void. This we conceded in the opinion we are now urged to reconsider; and we now concede, also, that, in revising such a judgment or decree, this Court would have to decide the question of jurisdiction upon the record alone.
But does it necessarily follow that, in such a case as this, or in all cases, however the question of jurisdiction may be presented, the silence of the record of the judgment or decree as to a fact essential to the jurisdiction, shall be conclusive proof that the judgment or decree is void ?
A County Court of this State has no testamentary jurisdiction unless the decedent either lived in the county at his death or had some estate in it. But if a record of the probate of his will should be silent as to both of those facts, would the probate be conclusively void9
Other and similar cases and facts are suggested in the opinion. In fine, this is a case sui generis, and none of the authorities or analagies relied on in the petition, are, in our judgment, decisively appplicable to it.
The reasons assigned in the opinion, for the conclusion we therein adopted, still appear to us satisfactory —even were it admitted that, in an ordinary judicial case upon record, they might not be in every respect applicable. We therefore do not feel inclined to grant a re-hearing.